FILARDI, PLAINTIFF AND APPELLEE, *v.* BARREDA, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Ponce in an Action for Damages.

No. 1385.—Decided July 21, 1916.

DAMAGES—EVIDENCE.—When in determining the amount of damages the court relies upon the testimony of the plaintiff, the defendant having offered no evidence against the amount or to impeach the truth of said testimony, the finding of the court will be sustained.

ID.—JUDGMENT—ITEMS.—Judgment having been rendered against the defendant

for a fixed sum of money as damages without enumerating the items composing the same, the sum as a whole and not the items should be objected to in order to determine whether the said amount is excessive.

ID.—NEGLIGENCE—EVIDENCE.—If the evidence is contradictory on the question of negligence and the trial court decides the conflict in favor of the plaintiff, its findings will not be disturbed unless passion, prejudice, bias, or manifest error be shown.

The facts are stated in the opinion.

Messrs. José Sabater and Frank Martínez for the appellant.

The appellee did not appear.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

The action brought in the District Court of Ponce in this case was for the recovery of $6,800 from the defendant as an indemnity for damages caused the plaintiff by an accident which occurred on the highway between Yauco and Sabana Grande in which the plaintiff's motorcycle collided with the defendant's automobile and the tibia of the plaintiff's left leg was fractured.

The case went to trial and on June 5, 1915, the court rendered judgment for the plaintiff and against the defendant, Henry H. Barreda, for the sum of $900 as damages, without special imposition of costs.

The opinion upon which the judgment is based sets forth the following findings of fact resulting from the evidence introduced at the trial:

"On December 9, 1913, between 9 and 10 a. m., plaintiff Juan B. Filardi was traveling on a motorcycle on the highway from Yauco to Sabana Grande and Henry H. Barreda was driving his automobile on the same road in the opposite direction, or from Sabana Grande towards Ponce. In rounding a curve at about kilometer 34 on said road the two vehicles suddenly met head on a short distance apart. The plaintiff, who was driving up the hill on his motorcycle, undertook to turn out to his right as far as possible in order to avert a collision and defendant Henry H. Barreda, who was driving his car down the said hill in the middle of the road, became excited when he saw the motorcycle and instead of taking his right of the road

turned his automobile to his left, which was the right of the motorcycle ascending in the opposite direction, causing a collision between the vehicles. The motorcycle was practically destroyed and the tibia of the left leg of the plaintiff, Juan B. Filardi, was fractured by a blow received from the fender or the radiator of the automobile at the moment of the collision. It was proved satisfactorily also that as a consequence of the said collision plaintiff Filardi had to undergo medical treatment for about two and a half months, during which time he was unable to walk or engage in his usual business as a building contractor, and that as a result of the injury received he suffered severe pain and mental anxiety.

"It was proved satisfactorily that by reason of the damage to the motorcycle, which was worth $275, the plaintiff sold it for only $25, representing a loss to him of $250. It was proved also that the plaintiff paid Dr. Gatell $125 for medical attendance and $14 for medicines. A due consideration of all the evidence introduced at the trial in relation to the allegations of the second count of the complaint shows also that the plaintiff was prevented from engaging in his usual business for about two and a half months and that he had to employ his brother, Domingo Filardi, to attend to the construction work of the Arroyo aqueduct, of which the said plaintiff was the contractor, and that he had paid his brother $100 monthly for such services, or $250 for two months and a half."

In view of these facts the court reached the conclusion of law that the accident which gave rise to the action occurred through the fault or negligence of defendant Henry H. Barreda, and that therefore he is obliged to repair the damage done; and it expressly stated in its opinion that in determining the amount of damages it took into consideration the mental and physical sufferings which it was shown the plaintiff had been caused by the accident.

In his brief before this court the attorney for the defendant-appellant assigns the following grounds of appeal:

1. That the lower court erred in estimating the amount of the damages;

2. That the lower court also erred in holding that the defendant was guilty of negligence.

In support of the first assignment of error the appellant alleges that the difference between the sum of $275, which the plaintiff claims the motorcycle was worth, and the $25 for which he sold it after the accident, is not a fair and reasonable calculation of the loss sustained, for what might be worth only $25 to Filardi might be worth more to another person, and moreover the plaintiff had been using the motorcycle for five months when the accident occurred.

It appears to us that as the court gave credence to the testimony of the plaintiff, the veracity of which was not impeached by the adverse party, it must be admitted that the motorcycle cost Filardi $275 and that on account of the damages thereto he was obliged to sell it for $25, leaving him no alternative but to expend $250 if he wished to buy a similar machine serviceable for his purpose. That expenditure was a consequence of the accident and if the appellant considered the amount excessive he could have produced the necessary evidence at the trial to prove it, but this he did not do.

The appellant also contends that there is no evidence other than plaintiff's testimony that he paid $250 to his brother to substitute him in the work which he had to do under a contract with the municipality of Arroyo, or $100 a month for two and a half months, and that it was not shown whether such payment was in proportion to the importance of the work, as was necessary; for it would not be just and equitable that the plaintiff should pay what he pleased to his brother by reason of their relationship, or for any other cause, and that the defendant should be compelled to reimburse him for the amount paid.

We repeat what we said before. The court believed the plaintiff's testimony, which was corroborated by that of his brother, and the defendant did not impeach either of the two witnesses or attempt to show that the remuneration was out of proportion to the work done.

Moreover, the judgment against the defendant was for $900 as damages, based not only on the damage to the motorcycle and the amount paid by the plaintiff to his brother for substituting him in the services which he had to render to the municipality of Arroyo, but also on the payments he had made for medical attendance and drugs, as well as the physical suffering and the severe mental pain and anxiety experienced by him as a result of the accident. The judgment fixes a certain sum as damages without specifying the items of which it is composed and we are of the opinion that in order to be able to determine whether the said amount is excessive it should be attacked in the aggregate and not by items. We have stated repeatedly that an appeal is taken from the judgment and not from the grounds thereof. The damages adjudged do not seem to us to be excessive.

As to the second ground of appeal—that is, the error assigned as having been committed in finding the defendant guilty of negligence—the evidence was contradictory and the trial court decided the conflict in favor of the plaintiff, and in the absence of a showing that the court was influenced by passion, prejudice, or partiality, or was manifestly in error, which is not present in this case, we cannot disturb its findings. At the hearing on the appeal the appellant himself based his argument solely on the first ground, disregarding the second.

Accepting the conclusion of fact arrived at by the lower court, the legal liability of the defendant is evident, pursuant to section 1803 of the Civil Code, which provides that "A person who by an act or omission causes damage to another when there is fault or negligence shall be obliged to repair the damage so done."

The judgment appealed from should be

*Affirmed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.